# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QUINTEZ TALLEY, et al., | |
| Plaintiffs | CIVIL ACTION NO. 3:17-CV-1632 |
| v. | (MUNLEY, J.) |
| | (MEHALCHICK, M.J.) |
| SUPREME COURT OF PENNSYLVANIA, et al., | |
| Defendants | |

## ORDER

This case involves a *pro se* plaintiff, Quintez Talley, who has filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the court are Plaintiff's motions for appointment of counsel. (Doc. 84; Doc. 93). For the following reasons, the court will **DENY** the motions. Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997), the court has discretion to request "an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); see also *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Under § 1915(e)(1), the "court may request an attorney to represent any person unable to employ counsel. The district court's appointment of counsel is discretionary and must be made on a case-by-case basis. *Tabron*, 6 F.3d at 157-58.

The United States Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but

arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984). The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case has some arguable merit in fact and law. *Montgomery*, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

> (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which the case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.

*Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155-57).

Additionally, another practical consideration must be taken into account when considering a motion for appointment of counsel. As the Third Circuit has observed:

> … we must take note of the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation. We have no doubt that there are many cases in which district courts seek to appoint counsel but there is simply none willing to accept appointment. It is difficult to fault a district court that denies a request for appointment under such circumstances.

*Tabron v. Grace*, 6 F.3d 147, 157 (3d Cir. 1993).

Plaintiff continues to demonstrate an ability to litigate this action, and the numerous other matters before this court.[1] His ability is further demonstrated by his most recent

---

[1] Talley is a prolific *pro se* litigant who has filed approximately nineteen (19) lawsuits in this district alone since 2015. *See e.g.*, *Talley v. Glessner et al.*, No. 3:15-CV-407 (M.D. Pa. *filed* Feb. 26, 2015); *Talley v. Wetzel et al.*, No. 3:15-CV-1170 (M.D. Pa. *filed* June 15, 2015); *Talley v. Wetzel et al.*, No. 3:15-CV-1698 (M.D. Pa. *filed* Sept. 1, 2015); *Talley v. Williamson et al.*, No. 3:15-CV-1787 (M.D. Pa. *filed* Sept. 11, 2015); *Talley v. Xue*, No. 3:15-CV-1788 (M.D.
*(footnote continued on next page)*

objections to the undersigned's Report and Recommendation. This court's duty to construe pro se pleadings liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), coupled with Plaintiff's ability to litigate in this court, weigh against the appointment of counsel. Hence, the court will DENY Plaintiff's motions for appointment of counsel.

IT IS HEREBY ORDERED that Plaintiff's Motions for Appointment of Counsel (Doc. 84; Doc. 93) is **DENIED.** If further proceedings demonstrate the need for counsel, the matter will be reconsidered either *sua sponte* or upon motion of Plaintiff.

BY THE COURT:

**Dated: June 14, 2019**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**

---

Pa. *filed* Sept. 14, 2015); *Talley v. Worstell et al.*, No. 3:15-CV-1795 (M.D. Pa. *filed* Sept. 15, 2015); *Talley v. Ferguson et al.*, No. 3:15-1796 (M.D. Pa. *filed* Sept. 15, 2015); *Talley v. Keel et al.*, No. 3:15-CV-2106 (M.D. Pa. *filed* Nov. 3, 2015); *Talley v. McCoy et al.*, No. 3:15-CV-2174 (M.D. Pa. *filed* Nov. 13, 2015); *Talley v. Wetzel et al.*, No. 3:15-CV-2217 (M.D. Pa. *filed* Nov. 19, 2015); *Talley v. Wetzel et al.*, 3:16-CV-88 (M.D. Pa. *filed* Jan. 15, 2016); *Talley v. Eidsvoog et al.*, No. 3:16-CV-207 (M.D. Pa. *filed* Feb. 5, 2016); *Talley v. McCoy et al.*, No. 3:16-CV-1726 (M.D. Pa. *filed* Aug. 18, 2016); *Talley v. PA Dept. of Corrections et al.*, No. 3:16-CV-2074 (M.D. Pa. *filed* Oct. 11, 2016); *Talley v. Falls et al.*, No. 3:17-CV-447 (M.D. Pa. *filed* Mar. 10, 2017); *Talley v. Varner et al.*, No. 3:17-CV-965 (M.D. Pa. *filed* June 2, 2017); *Talley et al v. Supreme Court of Pennsylvania et al.*, No. 3:17-CV-1632 (M.D. Pa. *filed* Sept. 12, 2017); *Talley v. Wetzel et al.*, No. 3:18-CV-868 (M.D. Pa. *filed* Apr. 23, 2018); *Talley v. Wetzel et al.*, No. 3:18-CV-992 (M.D. Pa. *filed* May 10, 2018). Collectively, Talley also has over a dozen cases currently pending before the Pennsylvania Eastern District Court, the Pennsylvania Western District Court, and the United States Court of Appeals for the Third Circuit.