# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| QUINTEZ TALLEY, | : | No. 3:17cv1632 |
| --- | --- | --- |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| SUPREME COURT OF | : | |
| PENNSYLVANIA, et al., | : | |
| **Defendants** | : | |

# **MEMORANDUM**

## INTRODUCTION

Presently before the court is the report and recommendation of Magistrate Judge Karoline Mehalchick ("R&R"), wherein she recommends seven motions to dismiss the plaintiff Quintez Talley's second amended complaint be granted. (Doc. 89). Based on the following, the plaintiff's objections (Doc. 92) shall be overruled, Judge Mehalchick's R&R (Doc. 89) shall be adopted, the defendants' motions to dismiss (Doc. 64; Doc. 66; Doc. 67; Doc. 72; Doc. 73; Doc. 74; Doc. 75) shall be granted, and the plaintiffs' second amended complaint (Doc. 63) shall be dismissed.

## BACKGROUND

The plaintiff, who is a black male, alleges that at all times relevant to the events in his second amended complaint he was incarcerated and suffering from a serious mental illness. (Doc. 89, at 4). In 2014, the plaintiff set fire to his cell in

an attempt to inflict self-harm and threw an unknown substance on two corrections officers. (Id.) His conduct resulted in criminal charges in the Centre County Court of Common Pleas. (Id.)

Here, the plaintiff asserts a slew of claims relating to his criminal prosecution in Centre County. (Doc. 89, at 4-5). Specifically, he asserts that he was not afforded a fair trial because the juries in his trials had no black members. (Doc. 89, at 4). To support his allegation, the plaintiff raises additional claims alleging that the court in Centre County only employs white people and that their jury qualifications discriminate against black people. (Id.) The plaintiff further alleges against several defendants that he qualified for legal defenses that were not pursued on his behalf. (Id.)

The events most relevant to our inquiry began on June 13, 2019, when the plaintiff filed objections to Judge Mehalchick's R&R. (Doc. 92). Defendants Centre County Defenders Association, David Crowley, and Casey McClain filed a response to the plaintiff's objections on June 20, 2019. (Doc. 97). Then, on June 27, 2019, the defendant, District Attorney's Office of Centre County, filed its response to the plaintiff's objections. (Doc. 99). The court allowed the plaintiff to file a reply brief by September 11, 2019 but has not received any such filing. (Doc. 103).

**LEGAL STANDARD**

In disposing of objections to a magistrate judge's R&R and recommendation, the district court must make a *de novo* determination of those portions of the R&R that receive an objection. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). To adopt portions of the R&R where no objections are filed, we must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1)(A); Sullivan, 723 F.2d at 1085. The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987); see also L.R. 72.3. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

**DISCUSSION**

The plaintiff's second amended complaint contains claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962, 1964(c) (hereinafter "RICO claim(s)"); 42 U.S.C. §§ 1983 (hereinafter "§ 1983 claim(s)"), 1985-1986 (hereinafter "Conspiracy claim(s)"); Title VII of the Civil Rights Act of

3

1964, 42 U.S.C. § 2000e-2 (hereinafter "Title VII claim(s)"); Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 (hereinafter "Title II claim(s)"); and Title V of the American with Disabilities Act, 42 U.S.C. §§ 12201-12213 (hereinafter "Title V claim(s)")[1].

## I. Lack of Subject-Matter Jurisdiction

The plaintiff alleges § 1983, Conspiracy, and RICO claims against the Centre County Courthouse and the Pennsylvania Supreme Court (collectively "Court Defendants"). Judge Mehalchick recommends that these claims be dismissed with prejudice as the Court Defendants "are immune from liability in federal court under the Eleventh Amendment." (Doc. 89, at 16-17).

While the plaintiff briefly mentions the Court Defendants in his objection to the application of Eleventh Amendment immunity, the substance of his objection only concerns other defendants. Compare (Doc. 92-1, at 5) ("In turning to the Courts recommendation as to the State Court/Judicial Defendants being shield by the Eleventh Amendment . . . ."), with (Doc. 92-1, at 6-7) (failing to object to Court Defendants' sovereign immunity). Plaintiff states that his RICO claims are not entitled to Eleventh Amendment immunity because "they . . . are intricately

---

[1] In his objections to Judge Mehalchick's R&R, plaintiff withdrew his Title V claims. (Doc. 92-1, at 3, n.7).

4

intertwined with . . . [his] Title II of the ADA claims." (Doc. 92-1, at 6-7); however, he provides no legal basis supporting his notion.

Finding no objection to the Court Defendants' sovereign immunity, no clear error on the face of the record, and no manifest injustice, we shall adopt Judge Mehalchick's R&R and dismiss plaintiff's § 1983, Conspiracy, and RICO claims against the Court Defendants with prejudice for lack of subject-matter jurisdiction.

**II. Failure to State a Claim Upon Which Relief May Be Granted**

**A. Absolute Immunity**

The plaintiff also alleges several claims against Judge Thomas King Kistler, Judge Jonathan D. Grine, Judge Pamela A. Ruest, Judge Bradley P. Lunsford, Judge J. Michael Williamson, Judge Allen Sinclair, and Judge Steven Lachman (collectively "Judicial Defendants"). In her R&R, Judge Mehalchick recommends that the plaintiff's § 1983, Title II, RICO, and Conspiracy claims against the Judicial Defendants be dismissed with prejudice as the Judicial Defendants are entitled to absolute immunity. (Doc. 89, at 21-22).

In his objections, the plaintiff cites U.S. v. Georgia for the idea that "any [Constitutional] claim arising out of [his] Title II claims should be allowed to proceed." (Doc. 92-1, at 6). That case, however, deals with sovereign immunity,

5

not absolute immunity.[2]  See U.S. v. Georgia, 546 U.S. 159 (2006) (holding Title II of the ADA abrogates state *sovereign* immunity by creating a private right of action for conduct that violates the Fourteenth Amendment) (emphasis added).

Separately, the plaintiff argues that two of his claims against Judge Thomas King Kistler should not be dismissed. (Doc. 92-1, at 6). The first claim is an Eighth Amendment claim brought under 42 U.S.C. § 1983 and the second claim is under Title VII[3]. Since Judge Mehalchick does not recommend that Judge Kistler is immune to any Title VII claim, we need only consider the Eighth Amendment claim herein. The plaintiff concedes that when judges act in their judicial capacity, they are immune from any resulting § 1983 claims, but he argues that his § 1983 claim against Judge Kistler sounds in "non-judicial" action. (Doc. 92-1, at 6).

Determining whether a judge's actions are judicial, and, therefore, entitled to judicial immunity, requires the court to look to the "nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of

---

[2] Even if the plaintiff's reliance on U.S. v. Georgia, 546 U.S. 159 (2006) was intended as support for an objection to the Court Defendants' sovereign immunity, his argument is of no moment as Judge Mehalchick did not recommend the dismissal of any ADA claim because of sovereign immunity.

[3] Plaintiff's argument—that his Title VII claim should not be dismissed—sits in direct opposition to his withdrawal of his Title VII claim. See (Doc. 92-1, at n.1) (withdrawing plaintiff's Title VII claim). Considering this contradiction, the court will review plaintiff's Title VII claim as we would any other claim.

the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." Stump v. Sparkman, 435 U.S. 349, 362 (1978).

Through his Eighth Amendment claim, the plaintiff alleges that—by calling a jury venire of thirty white people—Judge Kistler

> feigned ignorance to [d]efendant [Centre County Courthouse's] practice of promulgating jury selection qualifications that systematically excluded Centre County's minority population from being chosen; because of the fact that the majority of the minorities counted on Centre County's "census" (1) don't own property; nor (2) vote; or (3) are either enrolled at Pennsylvania State (University) or incarcerated at SCI-Benner Township or Rockview.

(Doc. 92-1, at 10). Ultimately, the plaintiff failed to plead facts demonstrating any involvement by Judge Kistler in the Centre County Courthouse's alleged discriminatory jury-pooling process. While the plaintiff states that Judge Kistler, as president judge, had the authority to change policy within the courthouse, he fails to support that assertion with any facts either establishing Judge Kistler's authority or linking such authority to jury selection. (Doc. 92-1, at 6). Also, in Centre County, two elected individuals known as "jury commissioners" administer the criminal and civil jury selection process, not Judge Kistler.[4] *Jury Commissioners*, CENTRE COUNTY PENNSYLVANIA,

---

[4] Under Federal Rule of Evidence 201, the court takes judicial notice of this fact as we were able to "accurately and readily [determine such fact] from sources whose accuracy cannot reasonably be questioned."

7

http://www.centrecountypa.gov/index.aspx?nid=359 (last accessed Oct. 15, 2019, 6:50 AM).

Regardless, Judge Kistler is entitled to judicial immunity from the plaintiff's Eighth Amendment claim. Even if Centre County had a discriminatory jury selection process, and the plaintiff's characterization of Judge Kistler's "ignorance" to such practice was accurate, any role that Judge Kistler has in the jury selection process occurs at the beginning of trial—the most "judicial" proceeding overseen by a judge—in the courtroom—the most "judicial" location associated with a judge. As such, the court finds that any action or inaction by Judge Kistler regarding the jury selection process is "judicial," and, therefore, he is entitled to absolute immunity.

Thus, we shall overrule plaintiff's objection regarding the Judicial Defendants' immunity, adopt Judge Mehalchick's R&R, and dismiss plaintiff's § 1983, Title II, RICO, and Conspiracy claims against the Judicial Defendants with prejudice for failure to state a claim upon which relief may be granted.

### B. Prosecutorial Immunity

The plaintiff's second amended complaint also contains claims against Stacy Parks Miller, Lindsey Foster, and Daniel McKenrick (collectively "Prosecutorial Defendants"). Judge Mehalchick recommends that the plaintiff's §

1983 claims against the Prosecutorial Defendants be dismissed with prejudice as the Prosecutorial Defendants are entitled to absolute immunity. (Doc. 89, at 26).

The plaintiff objects to the dismissal of several claims against the Prosecutorial Defendants because he alleges that the claims involve actions that were not prosecutorial and, thus, the Prosecutorial Defendants should not be entitled to absolute immunity. (Doc. 92-1, at 9-10). However, the plaintiff fails to provide any facts establishing such allegations. And mere conclusory allegations without any factual support are insufficient to establish a valid objection to Judge Mehalchick's R&R.

As to defendants Lindsey Foster and Daniel McKenrick, the plaintiff, additionally, asserts that they are not entitled to immunity because they used falsified testimony in their prosecution of the plaintiff. (Doc. 92-1, at 9). However, by relying on Lindsey Foster and Daniel McKenrick's actions performed during the prosecution of the plaintiff, plaintiff's argument defeats itself. That is because when considering whether a prosecutor is entitled to absolute immunity, the court employs a "'functional approach,' . . . which looks to 'the nature of the function performed' . . . ." Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993) (internal citations omitted). It is well-settled that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a

civil suit for damages under § 1983 . . . ." Id. (quoting Imbler v. Pachtman, 424 U.S. 409, 431, and n.33 (1976)).

As the plaintiff failed to provide sufficient allegations to support his claim that the Prosecutorial Defendants' actions were not prosecutorial, we find no objection as to the application of prosecutorial immunity, no clear error on the face of the record, and no manifest injustice. Additionally, the plaintiff's objection as to Lindsey Foster and Daniel McKenrick will be overruled as their actions, as described by the plaintiff in his objections, were prosecutorial, entitling them to absolute immunity. Therefore, we will adopt Judge Mehalchick's R&R and dismiss the plaintiff's § 1983 claims against the Prosecutorial Defendants with prejudice for failure to state a claim upon which relief may be granted.

### C. § 1983 Claims

#### 1. Not a "Person"

Judge Mehalchick recommends that plaintiff's § 1983 claims against the District Attorney's Office of Centre County and the Centre County Defenders Association be dismissed with prejudice as said defendants are not "persons," as required by § 1983. (Doc. 89, at 17-18, 26-27). In his objections, the plaintiff asserts that Judge Mehalchick reached her recommendation regarding the District Attorney's Office of Centre County merely because the plaintiff referred to them as a municipality or local agency in his second amended complaint. (Doc.

92-1, at 8). The plaintiff's allegation completely overlooks the case law and analysis within Judge Mehalchick's R&R as to this issue.

The plaintiff's objection as to the District Attorney's Office of Centre County shall be overruled. We find no objection to the actual analysis in the R&R, no clear error on the face of the record, and no manifest injustice as to the Centre County Defenders Association. Therefore, Judge Mehalchick's R&R will be adopted, and the plaintiff's § 1983 claims against the District Attorney's Office of Centre County and the Centre County Defenders Association shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

### 2. Not a "State Actor"

Judge Mehalchick recommends that plaintiff's § 1983 claims against defendant Casey McClain should be dismissed with prejudice as a public defender does not act under color of state law when performing the traditional function of counsel to a criminal defendant. (Doc. 89, at 27) (internal quotations and citations omitted).

Finding no objection[5], no clear error on the face of the record, and no manifest injustice, we shall adopt Judge Mehalchick's R&R and dismiss plaintiff's

---

[5] Plaintiff's request, which asks the court to convert his § 1983 claims against defendant Casey McClain into Title II claims, is improper and, thus, denied. See (Doc. 92-1, at 13) ("Ultimately, if the Court objects to Plaintiff's Federal

*(footnote continued on next page)*

11

§ 1983 claims against defendant Casey McClain with prejudice for failure to state a claim upon which relief may be granted.

### 3. <u>Heck</u> – Favorable Termination Rule

In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the United States Supreme Court held that "where a judgment in favor of a plaintiff in a § 1983 action for damages would necessarily imply the invalidity of the plaintiff's conviction or sentence, the plaintiff must first demonstrate 'that the conviction or sentence has been reversed . . . or called into question by a federal court's issuance of a writ of habeas corpus . . . .'" (Doc. 89, at 29) (quoting <u>Heck</u>, 512 U.S. at 486-87).

Judge Mehalchick recommends the dismissal of plaintiff's § 1983 claims against defendants Pennsylvania Department of Corrections, Tammy Ferguson, William Foster, Glenn Irwin, Thomas Suchta, Robert Hewitt, Thomas Lykens, David Link, Michael Worstell, Michael Lefebvre, Bernard Karabinos, Robert Williamson, Stephen Proudfit, Amy Becker, and Joshua Glessner (collectively "DOC Defendants"), as well as, the Pennsylvania State Police, Brian Wakefield, Thomas Stock, Gabriel Llinas, and Jeffrey Wagner (collectively "PSP Defendants") under the favorable termination rule enumerated in <u>Heck</u>.

---

Constitution claims being brought against Defendant McClain under 42 USC §1983, okay; just bring them as arising under Title II of the ADA . . . ."). Such a conversion would be futile because, as discussed below, Title II does not permit individual liability.

12

The plaintiff's objection relies on the double jeopardy clause of the Fifth Amendment, which has no application herein. The favorable termination rule does not involve retrying a defendant; it considers the effect that an award of damages in a § 1983 action would have on a prior conviction or sentence. As such, we shall overrule the plaintiff's objection, adopt Judge Mehalchick's R&R, and dismiss the plaintiff's § 1983 claims against the DOC and PSP Defendants with prejudice.

The plaintiff also asserts § 1983 claims against defendant David Crowley.[6] If these claims were successful, any damages awarded would "imply the invalidity of the plaintiff's conviction or sentence . . ." Heck, 512 U.S. at 486-87, as they relate directly to the legal representation received by the plaintiff that resulted in his conviction. Therefore, the plaintiff's § 1983 claims against David Crowley will be dismissed with prejudice.

**D. Conspiracy**

Recommending the dismissal of the plaintiff's conspiracy claims, Judge Mehalchick, in her R&R, states, "there are no plausible allegations that would allow the Court to reasonably infer a claim for conspiracy, under either [§] 1983 or [§] 1985, against the Defendants." (Doc. 89, at 32). In response, plaintiff

---

[6] These claims arguably were not discussed in the magistrate judge's R&R, which was raised by the plaintiff in his objections.

13

objects, claiming that his complaint "alleges enough facts to state a claim to relief." (Doc. 92-1, at 8). Nevertheless, plaintiff's complaint is devoid of any specific allegation indicating that defendants conspired either to reduce minority representation within jury venires or to employ fewer minorities at the Centre County Courthouse.

Considering that "[i]n an action asserting civil rights violations, factual allegations must be pled with specificity . . . [and] [v]ague and conclusory allegations fail to state a cause of action[,]" Flanagan v. Shivley, 783 F. Supp. 922, 927-28 (M.D. Pa. 1992) (citing Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3d Cir. 1988), cert. denied, 489 U.S. 1065 (1989) (internal citations omitted), the plaintiff's Conspiracy claims will be dismissed without prejudice.

### E. Title II of ADA

"To establish a claim under Title II of the ADA, a plaintiff must show '(1) that he is a qualified individual; (2) with a disability; (3) who was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was subjected to discrimination by any such entity; (4) by reason of his disability.'" (Doc. 89, at 33-34) (internal citations omitted).

The crux of plaintiff's Title II claims involves his inability to inform the juries at his trials "that his behaviors were not violations of the law but a result of [his] mental infirmity . . . ." (Doc. 92-1, at 4). Judge Mehalchick recommends the

14

dismissal of the plaintiff's Title II claims both because plaintiff failed to satisfy the third and fourth elements of a *prima facie* case under Title II (Doc. 89, at 36) and individual defendants cannot be sued under the ADA (Doc. 89, at 34-35).

In Bowens v. Wetzel, 647 Fed. App'x 133, 136 (3d Cir. 2017), the Third Circuit Court of Appeals found it proper to conclude that "there is no individual damages liability under Title II of the ADA . . . ." As such, we shall adopt Judge Mehalchick's R&R, and the plaintiff's Title II claims against individual defendants shall be dismissed with prejudice.

Despite his objections to the contrary, the plaintiff has failed to demonstrate how his inability to inform the juries at his trials that his disabilities caused his criminal behavior satisfies elements three and four of a Title II *prima facie* case. Thus, we shall overrule the plaintiff's objections, adopt Judge Mehalchick's R&R, and dismiss the plaintiff's remaining Title II claims without prejudice.

### F. RICO

All RICO claims have the common element of "racketeering activity," which Congress defined in 18 U.S.C. § 1961(1). While the plaintiff references two racketeering activities—mail fraud and wire fraud—in his second amended complaint (Doc. 63, at 17), "he fails to provide any particularized facts regarding the alleged mail and wire fraud upon which his RICO claim is based." (Doc. 89, at 39).

Finding no objection[7], no clear error on the face of the record, and no manifest injustice, we shall adopt Judge Mehalchick's R&R and dismiss plaintiff's RICO claims without prejudice for failure to state a claim upon which relief may be granted.

### G. Title VII

The plaintiff alleges claims under Title VII without providing any indication that any of the defendants ever employed him. Considering Title VII is designed to prohibit discrimination by an employer and plaintiff has failed to indicate an employer-employee relationship with any defendant, we shall adopt Judge Mehalchick's R&R, and the plaintiff's Title VII claims shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### H. Injunctive Relief

"[T]o obtain a preliminary injunction the moving party must show as a prerequisite, [among other things] . . . that it will be irreparably injured . . . if relief is not granted . . . ." Reilly v. City of Harrisburg, 858 F.3d 173, 176 (3d Cir. 2017). The court agrees with Judge Mehalchick the plaintiff's "second amended

---

[7] Judge Mehalchick relied on two different approaches in recommending the dismissal of plaintiff's RICO claims. (Doc. 89, at 37-40). Plaintiff's objections regarding his RICO claims relate only to one of Judge Mehalchick's reasons, which was not considered herein. Considering the plaintiff failed to object to Judge Mehalchick's approach adopted here, the court finds no objection to the dismissal of plaintiff's RICO claims.

16

complaint does not demonstrate that any future harm in connection with his claims for injunctive relief is imminent, as opposed to speculative." (Doc. 89, at 43).

Without sufficient proof of future, irreparable harm, the plaintiff's objection—that his claim for injunctive relief is under Title II, not § 1983—is not relevant to our inquiry. As such, the plaintiff's objection will be overruled, Judge Mehalchick's R&R shall be adopted, and plaintiff's claims for injunctive relief will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**I. Declaratory Relief**

Judge Mehalchick recommends the dismissal of plaintiff's claims for declaratory relief as the plaintiff "does not seek 'declaratory relief in the true legal sense.'" (Doc. 89, at 44) (internal citations omitted). Finding no objection, no clear error on the face of the record, and no manifest injustice, we shall adopt Judge Mehalchick's R&R and dismiss plaintiff's claims for declaratory relief with prejudice for failure to state a claim upon which relief may be granted.

**III. State Law Claims**

As the court will dismiss all claims over which we had original jurisdiction, we decline to exercise supplemental jurisdiction over plaintiff's remaining state law claims. See 28 U.S.C. § 1367(c)(3). Thus, Judge Mehalchick's R&R will be

adopted, and the plaintiff's state law claims will be dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

**CONCLUSION**

Based on the preceding, the plaintiff's objections (Doc. 92) shall be overruled, Judge Mehalchick's R&R (Doc. 89) shall be adopted, the defendants' motions to dismiss (Doc. 64; Doc. 66; Doc. 67; Doc. 72; Doc. 73; Doc. 74; Doc. 75) shall be granted, and the plaintiffs' second amended complaint (Doc. 63) shall be dismissed.

**BY THE COURT:**

**Date: October 23, 2019**     **s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**