# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QUINTEZ TALLEY, | : | Civil No. 3:17-CV-01632 |
| Plaintiff, | : | |
| v. | : | |
| SUPREME COURT OF PENNSYLVANIA *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## <u>MEMORANDUM</u>

Before the court is Plaintiff Quintez Talley's Rule 60(a) motion seeking a final judgment on the class action suit he alleges that he pled previously in the above captioned action. Because Plaintiff's motion addresses the substantive matters in this action, Fed. R. Civ. P. 60(a) is not the appropriate procedural vehicle to make this argument. The court will address Plaintiff's motion under the more appropriate Fed. R. Civ P. 60(b) standard. Because Plaintiff's motion is untimely and the class action claims were not properly before the court, Plaintiff's motion will be denied.

### BACKGROUND

Plaintiff initiated this action in September of 2017 by filing a complaint naming himself, minorities of Pennsylvania, and Pennsylvania Americans with disabilities as plaintiffs. (Doc. 1.) He filed an amended complaint in February of 2018, which again named himself, minorities of Pennsylvania, and Pennsylvania

1

Americans with disabilities as plaintiffs, and apparently attempted to plead a class action against Defendants. (Doc. 10-1.) Plaintiff never filed the required motion to certify the class pursuant to Local Rule 23.3.

Defendants filed motions to dismiss the amended complaint. (Docs. 64, 66, 67, 72, 73, 74, 75.) Plaintiff filed briefs in opposition. (Docs. 82, 83, 85.) Magistrate Judge Karoline Mehalchick filed a report and recommendation on May 23, 2019 recommending that the motions to dismiss Plaintiff's claims should be granted, but did not address the claims concerning the other plaintiffs. (Doc. 89.) Plaintiff filed objections on June 13, 2019. (Doc. 92.) On October 23, 2019 District Judge Munley entered a memorandum and order overruling Plaintiff's objections, adopting the report and recommendation, granting Defendants' motions to dismiss, dismissing the action, and closing the case. (Docs. 104, 105.) Again, this order did not address the claims pertaining to the other plaintiffs. (*Id.*) Plaintiff filed an appeal to the Third Circuit Court of Appeals. (Doc. 106.) The Third Circuit Court of Appeals affirmed this court's October 23, 2019 order. (Docs. 110, 111.)

On December 28, 2022, Plaintiff filed a motion for relief from a judgment or order under Fed. R. Civ. P. 60(a). (Doc. 112.) On January 19, 2023, the court deemed the motion withdrawn as Plaintiff failed to file a brief in support. (Doc. 114.)

On March 6, 2023, Plaintiff filed the renewed motion for relief from a judgment or order under Fed. R. Civ. P. 60(a). (Doc. 115.) Plaintiff filed a brief in support on April 3, 2023. (Doc. 118.) In this motion, Plaintiff is seeking a final judgment to address the class action claims so as to allow him to file an appeal. (Docs. 115, 118.) Defendants have filed briefs in opposition. (Docs. 119, 120, 121, 123.) Plaintiff has not filed a reply. This motion is now ripe to be addressed by the court.

## DISCUSSION

### A. Fed. R. Civ. P. 60(a) is Not the Correct Procedural Vehicle to Address Plaintiff's Argument.

Plaintiff's motion specifically alleges that the court made a mistake and seeks for the mistake to be corrected under Fed. R. Civ. P. 60(a).

Rule 60(a) provides as follows:

> (a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Rule 60(a) "is limited to the correction of 'clerical mistakes'; it encompasses only errors 'mechanical in nature, apparent on the record, and not involving an error of substantive judgment.'" *Pfizer Inc. v. Uprichard*, 422 F.3d 124, 129-30 (3d Cir. 2005) (quoting *Mack Trucks, Inc. v. Int'l Union, United Auto, Aerospace & Agr.*

3

*Implement Workers of Am., UAW*, 856 F.2d 579, 593 n.16 (3d Cir. 1988)).  Rule 60(a) generally applies as a remedy to correct the court's own mistakes.  *Days Inns Worldwide, Inc. v. JPM, Inc.*, No. CIV. 13-3017, 2015 WL 5474882, at *3 (D.N.J. Sept. 15, 2015).  "The test for the applicability of Rule 60(a) is whether the change sought affects the substantive rights of the parties." *Lawn Doctor, Inc. v. Rizzo*, No. CIV.A. 12-1430, 2015 WL 4320887, at *2 (D.N.J. July 14, 2015), *aff'd*, 646 F. App'x 195 (3d Cir. 2016).  The rule "was adopted to make clear that courts can 'correct judgments which contain clerical errors, or judgments which have been issued due to inadvertence or mistake.'" *Days Inns Worldwide, Inc.*, 2015 WL 5474882, at *3 (quoting *In re FleetBoston Fin. Corp. Sec. Litig.*, No. 02–cv–4561, 2007 WL 4225832, at *4 (D.N.J. Nov. 28, 2007)).

Rule 60(a) does not provide a remedy based on the circumstances underlying Plaintiff's motion.  First, Plaintiff is not seeking to correct a mistake of the court, but rather, an alleged substantive error in a decision of the court – that the court failed to dispose of the class action claims.  Second, Plaintiff is seeking a change that would necessarily "affect[ ] the substantive rights of the parties." *Lawn Doctor, Inc.*, 2015 WL 4320887, at *2.  As such, Rule 60(a) is not an appropriate vehicle for the relief Plaintiffs seek.  Thus, Plaintiff's motion under Rule 60(a) will be denied.  However, the court will liberally construe Plaintiff's motion and address it under Fed. R. Civ. P. 60(b).

### B. Plaintiff's Motion Will Be Denied Under Fed. R. Civ. P. 60(b).

Rule 60(b) provides the following:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Under Rule 60(c), a motion under Rule 60(b)(1), (2), and (3) must be raised "no more than a year after the entry of the judgment or order or the date of the proceeding."

Here, Plaintiff has characterized the fact that the court's order did not address the class action claims as a mistake.  (Doc. 115, p. 3.)  However, his motion has been filed over three years since the court's order dismissing the complaint.  Therefore, he is far too late to seek relief under Fed. R. Civ. P. 60(b)(1).

5

To the extent Plaintiff's motion can be construed as seeking relief under Fed. R. Civ. P. 60(b)(6), this too cannot succeed as the class action claims were not properly before the court.

A "movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (citing *Ackermann v. United States*, 340 U.S. 193, 199 (1950.).  "It is available where the party seeking relief demonstrates that 'extreme' and 'unexpected' hardship will result absent such relief." *Jackson v. Danberg*, 656 F.3d 157, 165–66 (3d Cir. 2011) (citing *United States v. Swift & Co.*, 286 U.S. 106, 119 (1932)).  The movant bears a heavy burden of proof that extraordinary circumstances are present.  *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991).  A Rule 60(b) motion may not be used as a "second bite at the apple." *See Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995).  It "is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Jones v. Shannon*, No. 3:05-CV-2255, 2013 WL 6021956, at *7 (M.D. Pa. Nov. 13, 2013) (citation omitted).

The court acknowledges that Plaintiff has not characterized his motion as a "second bite at the apple" as he alleges that the court simply overlooked the class action claims and is now seeking some resolution on these allegedly overlooked

6

claims. (Doc. 115.) However, these claims were never properly before the court because Plaintiff failed to seek certification of the purported class.

Class actions are covered by Fed. R. Civ. P. 23, which provides:

One or more members of a class may sue or be sued as representative parties on behalf of all only if:

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

The plaintiff must establish these four prerequisites in order for a class to be certified. *Johnston v. HBO Film Mgmt., Inc.,* 265 F.3d 178, 183 (3d Cir. 2001). Under Local Rule 23.3, a plaintiff seeking to proceed with a class action must file a motion to certify the class within ninety (90) days of filing the complaint. L.R. 23.3. The deadline for filing a motion to certify a class may only be extended upon motion and for good cause shown. *Id.* Plaintiff failed to file any motion to certify the class. As a result, the purported class claims were not properly before the court when the court entered an order dismissing the amended complaint. Therefore, Plaintiff's argument about the alleged overlooked class claims is not a reason that justifies relief under Fed. R. Civ. P. 60(b)(6). Plaintiff's motion will be denied.

## CONCLUSION

Accordingly, the court will deny Plaintiff's motion for relief from judgment, and the case will remain closed.

An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: November 28, 2023